UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nicki Tompkins,<br><br>                Plaintiff,<br>v.<br><br>Stefan Krause, Chief Financial Officer; Deutsche Bank National Trust Company; Jim Barton, President and Secretary; MERS, INC.; William C. Erbey, Chairman and CEO; Ocwen Loan Servicing, LLC; Larry B. Litton, Jr., President and CEO; Litton Loan Servicing, LP; Star Mortgage Services; Ralph C. Taylor, President and Owner; 1st Choice Mortgage Equity Corp; John Does I-XX; Jane Does I-XX; Black and White Corporations XXI-XXX; and ABC Partnerships XXXI-XXXV,<br><br>                Defendants. | C/A No. 8:-12-cv-2116-MGL-JDA<br><br>**DEFENDANTS CONSOLIDATED RESPONSE and REPLY TO *PRO SE* PLAINTIFF'S RECENT PLEADING ENTITLED *MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 10(b) AND 12(f)*** |

Defendants Deutsche Bank National Trust Company; MERS, Inc.; Litton Loan Servicing, LP; and Ocwen Loan Servicing, LLC (hereinafter collectively "Bank Defendants") file this consolidated Response and Reply to Plaintiff Nicki Tompkins' *Motion to Strike Defendants' Motion to Dismiss Pursuant to Rule 10(b) and 12(f)* filed November 29, 2012 [Docket No. 48]. Plaintiff is proceeding *pro se*, and in light of the Relevant Procedural History it is likely that Plaintiff's intends her most recent pleading to also be a response to Bank Defendant's most recent motion to dismiss. Accordingly, Bank Defendants hereby file a consolidated response and reply to Plaintiff's *Motion to Strike*.

### Relevant Procedural History

The Bank Defendants filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction or in the Alternative Failure to State a Claim Upon Which Relief Can Be Granted* on 10/18/12

[Docket No. 25]. Said *Motion to Dismiss* was served on Plaintiff by mail and a due date for Plaintiff to file a response was set by this Court on November 29, 2012. Bank Defendants did not receive any pleading styled as a response to its *Motion to Dismiss* by the November 29th deadline; however, Plaintiff filed a pleading styled *Motion to Strike Defendants' Motion to Dismiss Pursuant to Rule 10(b) and 12(f)* on the November 29th deadline [Docket No. 48]. Although the Plaintiff's pleading purports to be a motion, it contains argument that appears responsive to the Bank Defendants' *Motion to Dismiss*. Accordingly, the Bank Defendants file this *Consolidated Response and Reply* to include both a response to Plaintiff's *Motion to Strike* and a Reply to those arguments contained within the *Motion to Strike* that are responsive to the Bank Defendants' *Motion to Dismiss*.

## Legal Argument

**A.    Bank Defendants Motion to Dismiss is Proper Under Federal Rule of Civil Procedure 12(b).**

Plaintiff seeks the dismissal of the Bank Defendants' *Motion to Dismiss* on the grounds it is violative of Rule 10(b) which requires pleadings to be in numbered, paragraph form. A motion is not a pleading. *See* Fed. R. Civ. P. 7. She also incorrectly states that, because the Bank Defendants filed a Motion to Dismiss, instead of an answer, they "agreed with every allegation made in the complaint." Pltf's Motion to Strike at ¶ 11, 15. Federal Rule of Civil Procedure 12(b) permits a party to assert certain defenses by motion, including a lack of subject matter jurisdiction and a failure to state a claim upon which relief can be granted. "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Defendants certainly deny most, if not all, of the allegations of the Complaint, but they were following the strict rule of law by filing their Rule 12 Motion to Dismiss prior to filing a responsive pleading.

### B.     The Plaintiff Misses the Full Impact of the State Court Action.

The Plaintiff claims that her federal court action is based on a "title claim" instead of the "Note and Mortgage" that was the subject matter of the state court action (Pltf's Motion to Strike at ¶ 5). In fact, the state court determined adjudicated title to the subject property and held the the investor could foreclose on the subject property. *See* Exhibit A to *Motion to Dismiss* (Order and Judgment of Foreclosure and Sale [Docket No. 25]). Tompkins did not appeal this Order and Judgment. Based on the Plaintiffs' history of frivolous filings in state court, and the face of this Complaint, there is no question that Tompkins is seeking a federal court's review of the final state court Order and Judgment. As discussed in Bank Defendants' *Motion to Dismiss*, (1) such review is expressly prohibited by the *Rooker-Feldman* doctrine, and (2) the Plaintiff's claims are barred by res judicata. There is no cognizable "title claim" available to the Plaintiff before this court.

### C.     Plaintiff is Also Collaterally Estopped from Relitigating the Facts and Issues Involved in the State Court Foreclosure.

In her "Motion to Strike," the Plaintiff acknowledges that "[t]he instant action and the foreclosure action in state court are exclusive of each other and stand on their own." Pltf's Motion to Strike at ¶4. She further states that the state foreclosure action "has no possible relation to the controversy" she is pursuing in federal court. *Id*. at ¶5. With these statements, Plaintiff tacitly acknowledges that the underlying state foreclosure action has reached a final judgment under South Carolina law. " 'Final judgment' is a term of art denoting the disposition of all issues in the action [under South Carolina law]." Chief Justice Jean H. Toal, et al., *Appellate Practice in South Carolina* 86 (2nd ed. 2002). Where a matter has been adjudicated to a final judgment, and no appeal has been taken from that judgment in the proscribed period, relitigation of the underlying facts or issues is barred by the doctrine of collateral estoppel. *See*

*e.g., Pye v. Aycock*, 325 S.C. 426, 436, 480 S.E.2d 455, 460 (Ct. App. 1997) ("Under the doctrine of collateral estoppel, when an issue of fact or law is actually litigated and determined by a valid and final judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.")

Collateral estoppel precludes a landowner from litigating an issue that has already been determined by a valid and final judgment. *Judy v. Judy*, 383 S.C. 1, 7, 677 S.E.2d 213, 217 (Ct. App. 2009). In *Judy*, the South Carolina Court of Appeals rejected an attempt by a landowner from prosecuting a waste action against a former co-owner of the property because the landowner could have raised the waste-related issues in an earlier partition action with the co-owner. *Id*. at 10-11, 677 S.E.2d at 218. Although the remedies and nature of relief available in partition and waste actions are very different, the Court nevertheless found the waste action estopped by the earlier partition action explaining that the "identify of the subject matter of the two suits rests not in their forms of action or the relief sought, but rather, in the combination of the facts and law that give rise to a claim for relief." *Id*.

In the instant matter, Plaintiff seeks to relitigate the merits of the state foreclosure action in federal court by simply recasting her complaints as a "quiet title" action. As explained above, Plaintiff's action fails as a matter of federal law and procedure. However, even if Plaintiff had filed this action in state court, the action is precluded by the doctrine of collateral estoppel.

Plaintiff continues to employ improper delaying tactics to prevent the foreclosure of the subject property. She has not paid her mortgage, and the investor is entitled to foreclose on the subject property pursuant to the final order of the state court. The Plaintiff's pleas for leniency as a *pro* se litigant cannot overcome the fatal flaws in her case. She also pleads with this court to follow the "doctrine of precedent." Pltf's Motion to Strike at p. 3. On this single point, the Bank

- 5 -

Defendants agree.  This Court should follow precedent - the precedent under the Federal Rules of Civil Procedure, the *Rooker-Feldman* doctrine, res judicata, and collateral estoppel.  The Bank Defendants ask this Court to grant their Motion to Dismiss, dismissing the Plaintiff's claims and motions with prejudice and deincentivizing her from continuing to abuse the court system.

        Respectfully Submitted,

        **FINKEL LAW FIRM, LLC**
        1201 Main Street, Suite 1800
        Columbia, SC 29201
        803.765.2935


        **s/ Robert B. (Sam) Phillips**
        _____
        Robert B. (Sam) Phillips, Esq.
        Fed Id. No. 7938
        **Attorney for Defendants Deutsche Bank National Trust Company, MERS, Inc., Litton Loan Servicing, LP, and Ocwen Loan Servicing, LLC**

December 6, 2012